Doris Marie AKINS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–74–189.

Court of Criminal Appeals of Oklahoma.

June 14, 1974.

Payne & Welch, Hugo, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., James C. Peck, Legal Intern, for appellee.

## OPINION

BLISS, Presiding Judge:

· In the District Court, Choctaw County, Case No. CRF–73–23, appellant, Doris Marie Akins, hereinafter referred to as defendant, was charged with the offense of Murder and convicted for the lesser included offense of Manslaughter in the First Degree. The punishment was fixed at a term of twenty (20) years imprisonment; from said judgment and sentence, she has perfected her timely appeal to this Court.

The evidence adduced at trial from the testimony of Lewis Stewart, defendant's brother, reveals that on June 2, 1973, he arrived in Hugo, Oklahoma, between 8:00 and 9:00 p. m. and spent the remainder of that night with a friend. On the following day at approximately 6:00 a. m. the defendant came to the house where he was staying and asked permission to use his car. Her stated reason was that she needed someone to transport her to work. Defendant left with his car and returned between fifteen and twenty minutes later at which time she stated to him she had fired a gun that she found inside the car. Stewart asked her if she had shot anyone, to which she replied she did not know. Stewart and defendant then entered his car and they drove to deceased's house where they observed an ambulance parked in front of the residence. Stewart later found the firearm in the floorboard in the back seat of his car. He examined it, determined it had been recently fired, and unloaded it. Stewart stated the snubnosed .38 revolver was his gun and that on the day in question the gun was lying in the passenger area of the vehicle. Finally, Stewart related that he later transferred custody of the firearm to Mr. Earl Ballard.

Earl Ballard, Choctaw County Sheriff, identified State's exhibit No. 1 as the fire-

arm which was given to him and allegedly used in the affray reported at deceased's residence. He further stated that at approximately 6:30 a. m. on that date he dispatched Deputy Sheriff Ralph Bowlin to investigate the incident.

Deputy Ralph Bowlin of the Choctaw County Sheriff's Department testified that he was dispatched to 610 South Broadway, Hugo, Oklahoma, to investigate a shooting. Upon his arrival one of four small children who resided at the residence allowed him entry. In a bedroom located in the Northwest corner of the house, he observed a female lying across the bed with her feet resting on the floor. He telephoned an ambulance, moved the children to a nearby neighborhood residence, and then inspected the premises. His investigation revealed the door facing on the back kitchen door of the residence had been damaged apparently from a forcible entry from the outside. As a result of his investigation, he drove directly to 232 Rosewood Drive where he, at approximately 7:20 a. m., arrested defendant. Thereafter, Bowlin advised defendant of her constitutional rights and transported her to the jail.

Shethia Ann Byrd, a ten year old child of the deceased's testified that on the above mentioned date, early in the morning, she was awakened by a gunshot fired outside of her home. Shortly thereafter, she heard defendant kicking at the back kitchen door and demanding that deceased open it. The deceased did not comply and defendant continued kicking the door until it opened. Thereafter, defendant entered the house and asked the deceased where Charlie was. While standing in deceased's bedroom, defendant shot deceased. Thereafter, the deceased laid on the bed. Defendant's husband, Charlie, was standing near the living room door. Defendant entered the living room area and this witness testified she did not observe defendant shoot Charlie but did hear a gunshot immediately after which the defendant fled through the back kitchen door and escaped in defendant's brother's car.

Dr. A. L. Fountain testified regarding the cause of death of deceased stating that deceased died of a single gunshot wound which entered the body slightly below the left clavicle.

Thereafter the State rested.

Lewis Stewart, defendant's brother, testified that defendant and Charles Akins had been married for approximately five to six months. He further related facts regarding the deceased's propensity for violence. Upon motion of the prosecutor the questions regarding deceased's propensity for violence were stricken from the record by the trial court, as no proper predicate had been laid.

Defendant testified that on the date of the above incident she awoke at approximately 5:30 a. m. and discovered that her husband, Charles Akins had not been home during the entire night. As she was required to appear at work at the McCuiston Memorial Hospital in Paris, Texas, at approximately 6:30 that morning, and having no car to drive to work, she left her residence on foot in search of her husband and a car to drive to work. She borrowed her brother's car and drove to town in an attempt to find her car. She observed her car parked in front of a closed tavern. Since her husband was nowhere to be seen, she started her return home. On the way to her residence she noticed her husband's sister's car, which he often used, parked behind the residence of the deceased. She stopped and took possession of a pistol contained inside her brother's car. Thereafter, she looked in the car behind the Hall residence and observed her husband's hat. She knocked on a door and received no answer. Thereafter, she walked to a bedroom window where she could hear "moaning sounds" coming from inside. The defendant knocked on the bedroom window and received no response. In an attempt to call attention to the house occupants that she wanted them to come outside, defendant fired the pistol into the ground. Again, no one responded. She walked to the rear door of the house, opened the

screen door, and started to knock on that door. The door suddenly sprung open with the deceased appearing suddenly before defendant. Deceased shouted "don't come in" and in response, defendant, so startled and frightened, raised the pistol and fired the fatal shot. Defendant's husband advanced toward her and she fired a second shot which struck and wounded him. Defendant related that she was afraid of deceased for the reason she had been threatened by her in the past. She also stated she had observed deceased shoot another person on a prior occasion. Finally, defendant related that the circumstances of this incident so startled and frightened her that she feared for her life and fired the shots without thinking and without any intention to take life.

Bessie Hoagan testified defendant was a peaceful, law abiding citizen.

Lewis Stewart testified he had observed deceased shoot another person on a prior occasion.

Thereafter, the defense rested.

In rebuttal, Officer Ocie Clifton, was recalled with his testimony reiterating the fact that his investigation revealed the door facing to the rear entry of the residence was broken from an apparent force from the outside of the residence.

Thereafter, the State and defense rested.

■ In defendant's sole proposition of error, counsel urges the trial court imposed an excessive twenty (20) year sentence, imposed as a result of the jury's inability to deliberate punishment to a conclusion. Counsel centers his argument upon a comment made by the trial judge during sentencing. Recorded at page 25 of the transcript of testimony received at sentencing, that statement reads as follows:

"At this time, based upon the verdict rendered in this case finding the defendant, Doris Marie Akins, guilty of Manslaughter in the First Degree and taking into consideration the evidence introduced in this case, it will be the judgment and sentence of this court that the defendant be sentenced to serve a term of twenty years in the care and custody and control of the Department of Corrections of the State of Oklahoma. Now, Mrs. Akins, I have heard the testimony here today and I regret my duty here today. I am doing what I think is right. *I will tell you that since you have not previously had any sort of conviction, that you will be entitled to be released when you serve one-third of your time, if not sooner.* You and your attorney will apparently consider that the sentence that I have given here is excessive but that is the decision that I had to make and I took into consideration what I heard today but I have taken into consideration that you took someones life and that person had minor children at home that will not have a mother to take care of them." (Emphasis added)

Defense counsel submits the rule recited in Williams v. State, Okl.Cr., 507 P.2d 1339 (1973), a rule which in summary prohibits the jury's consideration of good time credits or parole considerations in deliberating a verdict, by analogy, also prohibits a trial judge's consideration of the same in imposing a sentence when the sentence is left to him by jury.

A study of the comment made by the trial judge considered in its entirety casts a serious doubt as to whether the parole time bottomed his decision on the time to be served for the offense. However, assuming arguendo it was a serious consideration, we do not think such a consideration falls within the rule recited in *Williams*, supra.

As a basis for the above determination, we note 22 O.S.1971, § 973 which states as follows:

"After a plea or verdict of guilty in a case where the extent of the punishment is left with the court, the court, upon the suggestion of either party that there are circumstances which may be properly taken into view, either in aggravation or mitigation of the punishment, may in its discretion hear the same summarily at a specified time and upon such notice to the adverse party as it may direct."

Obviously the trial court is granted substantially more latitude than a jury in factors which may be considered in imposing punishment. The jury, generally, excepting a bifurcated proceeding, may consider only the facts and circumstances of a particular case. The trial court at sentencing, on the other hand, may consider moral character of the accused and such other evidence as it may deem necessary as a guide to determining the punishment to be imposed. This statement was made in construing § 973, in Williams v. State, Okl.Cr., 321 P.2d 990, 996 (1957). The question therefore becomes whether the trial court's consideration of 57 O.S.1971, § 332.7, in imposing sentence falls within the construction in *Williams*, supra. We find it does fall within that category. A trial judge has authority to take judicial notice of all statutory and case law. Further, he is charged with the duty of knowing the law and is presumed to know it. It would create quite a dilemma to charge the trial judge with the duty of knowing the provisions of 57 O.S.1971, § 332.7 and then on the other hand hold that it is not a proper consideration .in his imposing punishment. To establish such a requirement would create a situation which is humanly impossible. Therefore, we find that if the trial judge did consider the statutes regarding the possible parole of defendant in assessing the punishment, he did not abuse his discretionary power as is a proper consideration under authority of 22 O.S.1971, § 973 as construed by *Williams,* supra.

■ Defense counsel also argues that this Court should consider the punishment in light of the facts and circumstances surrounding the case and determine that in light of those facts, the punishment is excessive. The punishment imposed, considering the offense and the facts surrounding the offense, does not shock this Court's conscience. We therefore, find this proposition to be without merit. See Jackson v. State, Okl.Cr., 494 P.2d 358 (1972).

The judgment and sentence is affirmed.

BUSSEY, J., concurs.

BRETT, J., concurs in part and dissents in part.

BRETT, Judge (concurs in part and dissents in part).

I concur that the evidence was sufficient to sustain this conviction, and therefore concur that the judgment should be affirmed; but I dissent to that part of the decision that refers to the sentence imposed with consideration of what the Pardon and Parole Board might do. Therefore, I believe the sentence is excessive and am of the opinion that it should be modified.