STATE, Plaintiff-Respondent, V. STUHR, Defendant-Appellant. [Case No. 78–901–CR.]†
STATE, Plaintiff-Respondent, V. HILLYARD, Defendant-Appellant. [Case No. 78–902–CR.]†
STATE, Plaintiff-Respondent, V. FAWCETT, Defendant-Appellant. [Case No. 79–132–CR.]†

Court of Appeals

*Nos. 78–901–CR, 78–902–CR, 79–132–CR. Submitted on briefs July 31, 1979.—Decided September 25, 1979.*
(Also reported in 284 N.W.2d 459.)

† Petition to review denied.

For the appellants Roby L. Stuhr and Ricky Hillyard the cause was submitted on the briefs of *Richard L. Cates,* state public defender, and *Glenn L. Cushing,* assistant state public defender, attorney for appellant Hillyard, and *Richard M. Sals,* assistant state public defender, attorney for appellant Stuhr.

For the appellant Paul S. Fawcett the cause was submitted on the briefs of *Richard L. Cates,* state public

defender, and *Steven D. Phillips,* assistant state public defender.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Mary V. Bowman,* assistant attorney general, in the Stuhr and Hillyard cases; and by *Bronson C. La Follette,* attorney general, and *James P. Altman,* assistant attorney general, in the Fawcett case.

Before Dean, P.J., Donlin, J., and Foley, J.

FOLEY, J.   These three appeals have been consolidated because they present only one issue: whether it is an abuse of discretion for a trial court to consider a defendant's parole eligibility date when imposing sentence. The trial court imposed consecutive rather than concurrent sentences, thereby doubling the minimum time each defendant must spend in prison before he becomes eligible for parole. We hold this was not an abuse of discretion, and we affirm the judgments of conviction.

Stuhr pled guilty to two counts of burglary. By agreement, the state dismissed two other pending burglary charges and read into the record five completed burglaries committed after Stuhr's arrest for the first two burglaries. Stuhr was convicted and sentenced to a two-year term and a two-and-one-half year term to be served consecutively. The court denied a motion to modify sentence.

Hillyard pled guilty to two counts of burglary. By agreement, the state dismissed two other pending burglary charges and read into the record two attempted burglaries and four completed burglaries committed after his arrest for the first two burglaries. He was convicted and received the same sentence as Stuhr. The trial court denied his motion to modify sentence.

Fawcett pled guilty to two counts of forgery. He was convicted and sentenced to a one-year term and a fifteen-

month term to be served consecutively. He appeals from his judgment of conviction, challenging his consecutive sentences.[1]

Sentencing is left to the discretion of the trial court and review is limited to determining if there was an abuse of that discretion. There is a "strong policy against interference with the discretion of the trial court in passing sentence. . . ." *State v. Tuttle,* 21 Wis.2d 147, 150, 124 N.W.2d 9, 11 (1963). The court will not find an abuse of discretion "if there exists a reasonable basis for the trial court's determination. . . ." *Boodry v. Byrne,* 22 Wis.2d 585, 589, 126 N.W.2d 503, 505 (1964). The appellate court is obligated to examine the record to determine if the sentence imposed can be sustained. We must also "affirm the sentence on appeal if from the facts of record it is sustainable as a proper discretionary act." *McCleary v. State,* 49 Wis.2d 263, 282, 182 N.W.2d 512, 522 (1971).

The basic factors the trial court should consider in imposing sentence are the gravity of the offense, the character of the offender, and the need for the protection of the public. *Cunningham v. State,* 76 Wis.2d 277, 251 N.W.2d 65. (1977). Relevant considerations include past record of criminal offenses, history of undesirable behavior patterns, results of presentence investigation, defendant's education and employment record, and his need for close rehabilitative control. *Harris v. State,* 75 Wis.2d 513, 250 N.W.2d 7 (1977).

---

[1] Fawcett did not move the trial court for sentence modification as required by *Korpela v. State,* 63 Wis.2d 697, 218 N.W.2d 368 (1974), and his appeal is subject to dismissal. Since we are affirming the judgment and thereby denying relief to Fawcett, we consider the appeal rather than decide the additional question of whether the appeal should be allowed based on the *Korpela* compelling circumstances test.

The records in these cases indicate that the trial court considered these factors when imposing sentence. Presentence reports were used in all three cases. Stuhr and Hillyard had long histories of juvenile contacts. Both had recently been released from Lincoln Hills School, a state juvenile correctional facility. Neither had any job skills or had held a job for any significant length of time. The presentence reports indicate that both required incarceration. While awaiting trial on two burglary charges, both committed more burglaries, evidencing their total disregard for the law.

In sentencing both Stuhr and Hillyard, the court indicated its concern with deterring similar offenses, and with ending or interrupting the defendants' years of antisocial activities in La Crosse County. The court also expressed concern over the number of crimes committed and the inability of either defendant to make restitution. The court clearly stated its belief that the protection of society required a long period of incarceration.

Fawcett likewise had a criminal record, including convictions for disorderly conduct, assault of an officer, and criminal damages to property. The presentence report indicated that Fawcett has a problem with both alcohol and drug abuse. Indeed, he spent the money from the forged checks mostly on alcohol. Prior community based rehabilitation failed to alter Fawcett's criminal behavior.

The trial court indicated its concern with rehabilitation of Fawcett, noting that he had been placed on probation in the past with no resultant change in his behavior. The court stated that it agreed with the presentence report that Fawcett needed close rehabilitative control to break his addiction to alcohol. The court's main concern seemed to be that Fawcett receive the treatment and guidance he needs.

In each of these cases, the reasons stated by the court provide ample justification for the sentences. Defendants

argue, however, that these were not the real reasons for the consecutive sentences. They contend that the real reason was to affect parole eligibility. Even though we are not in a position to know exactly how the trial judge weighed the various factors, it is clear that he did consider parole eligibility. In each case, after imposing sentence, he indicated that he imposed consecutive sentences to avoid the "Wisconsin silly six-months parole eligibility rule."

Defendants claim that considering parole eligibility at sentencing is a violation of separation of powers, because determining parole eligibility and setting minimum sentences are legislative functions, and a trial court cannot act in a manner to circumvent legislative intent. We agree that the court must recognize and respect legislative intent, and we acknowledge that no worthwhile purpose is served at sentencing by the court gratuitously characterizing a legislative enactment as silly. In fact, we doubt this appeal would have been taken were it not for this comment. It is, however, proper for a trial court to consider parole eligibility in imposing sentence. To hold otherwise would be to require judges to disregard the effect of the sentences they impose.

The effect of consecutive sentencing is the result of Parole Board interpretation of a legislative enactment. The legislature has provided, in sec. 57.06(1), Stats., that an offender is eligible for parole after having served one-half the minimum term prescribed by statute for the offense. For all sentences except a life term, the minimum term is one year and an inmate is thereby eligible for parole after six months. Interpreting sec. 57.06(1), the Parole Board, by rule, requires an offender to serve one-half the statutory minimum for each conviction for which a consecutive sentence was imposed. It is this Parole Board interpretation of the statute that the trial court was utilizing to provide an extended minimum period of confinement when it imposed consecutive sen-

tences. To note this effect is not to circumvent legislative intent.

As far as the intent of the legislature is concerned, sec. 973.15(1), Stats., specifically allows courts to impose consecutive sentences. Section 973.15 was reenacted by the legislature, with consecutive sentence provisions intact, after the Parole Board adopted its rule on consecutive sentences. *See* ch. 353, §8, Laws of 1977. Since the legislature is presumed to be aware of judicial and administrative interpretations of its laws, *Kindy v. Hayes*, 44 Wis.2d 301, 171 N.W.2d 324 (1969), reenactment of the consecutive sentencing provision can be construed as acquiescence in the Board's interpretation of sec. 57.06 (1) and in the courts' application of it. If the legislature feels its province is being invaded by trial court sentencing practices, it is free to change the Parole Board rule on consecutive sentence parole eligibility.

Also, we find persuasive the fact that the Wisconsin Supreme Court declined to adopt the American Bar Association guideline that "[c]onsecutive sentences are rarely appropriate" or that consecutive sentences should only be used where there is a finding that the sentence is "necessary in order to protect the public. . . ." *Cunningham v. State*, 76 Wis.2d 277, 284, 251 N.W.2d 65, 68 (1977).

Furthermore, the court has ruled that parole eligibility is a proper factor to consider on a motion for sentence modification. In *Kutchera v. State*, 69 Wis.2d 534, 230 N.W.2d 750 (1975), the court held that a change in the parole eligibility law was a new factor, justifying a belated motion for modification, and that the trial court exercised its discretion properly in modifying the sentence. If parole eligibility can be considered by a trial court on sentence modification, surely it can be considered in the original sentencing. We find no abuse of discretion in sentencing here.

*By the Court.*—The judgments and orders in Case Nos. 78–901–CR and 78–902–CR are affirmed, and the judgment in Case No. 79–132–CR is affirmed.