569 A.2d 733

**Stavros PASSAMICHALI**

v.

**STATE of Maryland.**

**No. 444, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Feb. 13, 1990.

732

Christopher C. Fogleman (Gleason and Flynn, Chartered, on the brief), Rockville, for appellant.

Laurie Aronstein, Law Student Atty. (J. Joseph Curran, Jr., Atty. Gen., Gary E. Bair, Asst. Atty. Gen., and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Argued before BISHOP, BLOOM and CATHELL, JJ.

BISHOP, Judge.

Appellant, Stavros Passamichali, was charged with robbery with a dangerous and deadly weapon, transportation of a handgun, use of a handgun in the commission of a felony or crime of violence, resisting arrest, and assault. After a trial before a jury in the Circuit Court for Baltimore City (The Honorable Elsbeth Levy Bothe presiding) but

before the case went to the jury, the State entered a *nolle prosequi* to the Informations charging appellant with resisting arrest and assault. The jury found appellant guilty of all remaining charges. Appellant was sentenced to fifteen years for the robbery with a dangerous and deadly weapon offense and to a concurrent five years for use of a handgun in the commission of a felony or a crime of violence.[1]

## ISSUES

Appellant raises the following issues on appeal:

I. Whether the *per se* admissibility of infamous crimes mandated by MD.CTS. & JUD.PROC.CODE ANN. § 10–905 (1988) deprived the appellant of his constitutional right to present testimony in his own behalf and to a fair trial; and

II. Whether the decision of the appellant to plead not guilty negatively influenced the trial judge resulting in the imposition of a sentence five years in excess of that which had been promised by the court in exchange for a guilty plea.

## FACTS

At approximately 5:00 a.m. on September 7, 1988 the Crown Gas Station located across the street from the local police station, at 5801 Eastern Avenue in Baltimore City, was robbed at gunpoint while Ray Bayne was on shift in the booth.

At the commencement of trial and after the jury was sworn, appellant made a Motion in Limine to have evidence of a prior conviction for robbery excluded. The following colloquy took place:

MR. KAMENETZ [counsel for defense]: The equities here are in essence that the Defendant is charged with armed robbery. He will not be able to take the stand and tell his side of the story because the State's Attorney will

---

1. The record does not reflect a sentence having been imposed for the offense of transportation of a handgun.

bring out this impeachable offense. There is no way any rational person is going to be able to separate that from their mind in listening to what the Defendant would have to say on the stand. How can they possibly think that he might have any appearance of innocence?

\* \* \* \* \* \*

MR. KAMENETZ: Well, again that—obviously we have to deal with that down the road. I want the Court to address here the prejudicial effect. The prejudicial effect here is immense. . . .

THE COURT: There is no question that there is a prejudicial effect.

MR. KAMENETZ: Which outweighs any probative value here.

\* \* \* \* \* \*

THE COURT: Counsel, your client is not going to be testifying in this part of the case. Partly because of your lateness and partly because of these motions the Jury has been sitting upstairs now three quarters of an hour. What I think we'd better do is shove this to the side right now. Your client is not going to be testifying until the Defense side of the case and I will rule on it.

MR. KAMENETZ: All right. Thank you, Your Honor.

THE COURT: I will tell you if you want—I'm inclined to say it's admissible, but I will give it further thought.

Two of the arresting officers testified that they walked out of the police station and saw the appellant leaving the Crown Gas Station, on foot, carrying a handgun and a trash can. The officers identified themselves then took chase. Appellant ran but was apprehended a few blocks away in a garage and abandoned car lot where one officer discovered him curled up in the back seat of an abandoned car. Bayne, the station attendant who was the victim, testified that appellant was the armed robber. Bayne also testified that, at the beginning of his shift, he always starts out with $50.00 in his cash drawer comprised of twenty-five ones and five fives. Bayne testified further that there were no sales

made during his shift, prior to the robbery. One of the police officers testified that he recovered precisely the same denomination of bills from the person of the appellant.

At the close of the State's case the court ruled on the limine motion:

> ... [t]he second part of the proposed rule [2] dealing with admissible convictions for purposes of testing credibility and making it discretionary to disallow felony convictions when their probative value was not as great as their prejudicial effect has never been enacted and is pending before the rules committee....
>
> ... [t]he courts have no discretion but to admit for purposes of testing credibility convictions for felonies, which robbery is. Therefore, I cannot preclude the State from cross examining the Defendant if he chooses to testify about his conviction for robbery.

As a result of this decision, appellant chose not to take the stand and testify in his own behalf.

## DISCUSSION

### I.

MD.CTS. & JUD.PROC.CODE ANN. § 10–905(a) provides that prior convictions of infamous crimes are *per se* admissible for impeachment purposes. Since robbery is an infamous crime, appellant's prior conviction for robbery would have been admissible against him if he had chosen to testify. Therefore, appellant argues, the *per se* admissibility of such a conviction effectively denied appellant his constitutional right to testify in his own defense and his right to a fair trial because he was forced to decide not to testify. Appellant asks us to hold that the statute is unconstitutional.

The State responds that, in the trial court, appellant's objections were predicated on nonconstitutional grounds.

---

**2.** The judge had earlier referred to this proposed rule change which she thought might give her the discretion to decide the issue.

Appellant's failure to articulate at trial any claim that the statute was unconstitutional precludes this issue from being raised on appeal. If, the State contends, the constitutionality of the statute was questioned in the trial court, then appellant failed to preserve the issue by testifying at trial. Since appellant failed to take the stand to testify, the prior convictions were not introduced into evidence and therefore he has no grounds to appeal. Finally, the State asserts that if the issue has been preserved, the statute in question does not deprive appellant of a fair trial or his right to testify in his own defense.

### A.

#### Constitutionality Raised Below

■ Ordinarily, the appellate court will not decide any issue besides jurisdiction unless it plainly appears by the record to have been raised in or decided by the trial court. Maryland rule 8–131(a). Specifically, this Court has held that a question as to the constitutionality of a statute will not be considered on appeal where the question was not raised in the lower court. *Johnson v. State*, 63 Md.App. 485, 492 A.2d 1343 (1985); *Hall v. State*, 22 Md.App. 240, 323 A.2d 435 (1974); *Smith v. State*, 16 Md.App. 317, 295 A.2d 802 (1972); *Woodell v. State*, 2 Md.App. 433, 234 A.2d 890 (1967).

Before us appellant mounts a constitutional challenge to MD.CTS. & JUD.PROC.CODE ANN. § 10–905(a). At trial, the appellant complained that he was being deprived of his right to testify by the *per se* admissibility of his prior robbery conviction:

> MR. KAMENETZ [trial counsel for appellant]: The equities here are in essence that the Defendant is charged with armed robbery. He will not be able to take the stand and tell his side of the story because the State's Attorney will bring out this impeachable offense. There is no way any rational person is going to be able to separate that from their mind in listening to what the

Defendant would have to say on the stand. How can they possibly think that he might have any appearance of innocence?

THE COURT: Before we get to that, is your client—if that conviction is not going to be used is your client going to be testifying or are we just talking academically?

MR. KAMENETZ: Well, I'm asking the Court to consider a motion in limine. I'm not going to—

THE COURT: ... I'm not going to tear my hair out over it unless I know that the Defendant's decision is actually going to hinge on it, because if he's not going to testify anyway—

MR. KAMENETZ: No, it absolutely will hinge on it.

Now, I don't want to lock him in so that if the Court— let me put it this way. If the Court does not allow the conviction to come in then he absolutely will take the stand.

While the trial counsel did not invoke the magic word "unconstitutional", the clear impact of his argument was unmistakable. The trial judge unquestionably agreed that the prior conviction, if admissible, would be a basis for the appellant's not testifying. When it erroneously believed that there was some discretion involved, the trial court stated:

I'm not going to preclude him from testifying. I think that's what it amounts to. It's a two-way street. I realize the State's interest in the subject, but I really feel that because in this case it would bar him from testifying I really don't see—I'm going to allow him to testify without reference to it.

Upon learning that an anticipated rule change which would have made the trial court's ruling discretionary had not been approved and, therefore, that the statute required the prior conviction to be *per se* admissible, the judge ruled against appellant's claim. Clearly, the constitutionality of the statute was raised below. The trial court realized this when making its initial ruling. The State's contention that

the constitutional challenge has been first raised on appeal has no merit.

## B.

### *Preservation of Issue*

■ The State argues that when a defendant does not testify, an *in limine* ruling will not be reviewed on appeal. In support of its argument the State cites *Luce v. United States*, 469 U.S. 38, 40, 105 S.Ct. 460, 462, 83 L.Ed.2d 443 (1984) and *Offutt v. State*, 44 Md.App. 670, 677, 410 A.2d 611 (1980), *cert. denied*, 291 Md. 780 (1981). We hold that these cases are inapposite. At issue in *Luce* was Federal Rule of Evidence 609(a). Rule 609 provides for the admission into evidence of prior convictions for the purpose of attacking the credibility of a witness; however, unlike Section 10–905, the Rule requires the trial court to determine whether the probative value of admitting the evidence outweighs its prejudicial effect to the defendant.[3] Therefore, a factual determination is required to be made. In holding that the defendant must testify in order to raise and preserve a claim of improper impeachment, the Court held:

> A reviewing court is handicapped in any effort to rule on subtle evidentiary questions outside a factual context. This is particularly true under Rule 609(a)(1), which directs the court to weigh the probative value of a prior conviction against the prejudicial effect to the defendant. To perform this balancing, the court must know the precise nature of the defendant's testimony, which is unknowable when, as here, the defendant does not testify. (Footnotes omitted.)

*Luce, supra* 469 U.S. at 41, 105 S.Ct. at 463.

In the case *sub judice*, no such "subtle evidentiary questions" requiring a factual context are necessary. Section 10–905 mandates *per se* admissibility of appellant's prior

---

**3.** The new Md.Rule anticipated by the trial judge, *supra*, would have tracked Federal Rule 609.

robbery conviction. A constitutional challenge to the statute has been raised. In *Luce,* Justice Brennan wrote a concurring opinion in which he stated:

> I join the opinion of the Court because I understand it to hold only that a defendant who does not testify at trial may not challenge on appeal an *in limine* ruling respecting admission of a prior conviction for purposes of impeachment under Rule 609(a) of the Federal rules of Evidence.... In [the case of *New Jersey v. Portash,* 440 U.S. 450, 462, 99 S.Ct. 1292, 1298, 59 L.Ed.2d 501 (1979) and in] others in which the determinative question turns on legal and not factual considerations, a requirement that the defendant actually testify at trial to preserve the admissibility issue for appeal might not necessarily be appropriate. The appellate court's need to frame the question in a concrete factual context would be less acute, and the calculus of interests correspondingly different, than in the Rule 609(a) case the Court decides today.

*Luce, supra* 469 U.S. at 44, 105 S.Ct. at 464 (Brennan, J. concurring).

In *Offutt v. State, supra,* this Court held that the denial of a motion *in limine* does not constitute reversible error when the evidence is not later actually offered in trial. Again, this Court was not faced with a constitutional challenge to the statute as we are here. In addition, it was not clear whether Offutt would have testified if his prior conviction was deemed inadmissible. The record in this case makes clear that appellant chose not to testify solely because of the impending admission of his prior robbery conviction.

It defies logic to suggest that a defendant must testify in order to preseve for appellate review a claim of deprivation of the constitutional right to testify. If such a requirement existed, this constitutional challenge could never be squarely presented for appellate review because the claim would dissipate upon the defendant's taking the oath. In the case *sub judice* there was no factual determination to be made which would have required appellant to take the stand. The

issue was a purely legal one—the constitutionality of Section 10–905—and as Justice Brennan stated, to require appellant to testify in order to preserve the issue is inappropriate. We hold that appellant adequately preserved his constitutional claim by notifying Judge Bothe of his desire to testify and of the sole reason for his refusal to testify.

## C.

### Constitutionality of § 10–905

Appellant argues that the *per se* admissibility of his prior robbery conviction, pursuant to MD.CTS. & JUD.PROC. CODE ANN., § 10–905 (1984 Repl.Vol.) deprived him of his right to present testimony in his own behalf and to a fair trial. Section 10–905 provides in pertinent part:

§ **10–905.** **Proof of interest or conviction of infamous crime.**

(a) *In general.*—Evidence is admissible to prove the interest of a witness in any proceeding, or the fact of his conviction of an infamous crime. Evidence of conviction is not admissible if an appeal is pending, or the time for an appeal has not expired, or the conviction has been reversed, and there has been no retrial or reconviction.

Appellant's prior conviction for robbery is subject to the statute because the offense of robbery has been held to be an infamous crime. *Cousins v. State,* 230 Md. 2, 185 A.2d 488 (1962).

■ The right of a criminal defendant to take the witness stand and testify in his own defense is fundamental, and its existence cannot be doubted. *Rock v. Arkansas,* 483 U.S. 44, 49, 107 S.Ct. 2704, 2708, 97 L.Ed.2d 37, 44–45 (1987). The source of this right can be found in several provisions of the Constitution of the United States, including the due process clause of the fourteenth amendment, the compulsory process clause of the sixth amendment, and the fifth amendment's guarantee against compelled testimony. *Id.* at 49–53, 107 S.Ct. at 2708–2710. The Supreme Court has held that when a state rule of evidence conflicts with the

right of a criminal defendant to present witnesses, the rule "[may] not be applied mechanistically to defeat the ends of justice," but must meet the fundamental standards of due process. *Rock*, 483 U.S. at 55, 107 S.Ct. at 2711; *Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 1049, 35 L.Ed.2d 297, 313 (1973). Moreover, to restrict the right of a criminal defendant to testify may be neither arbitrary nor disproportionate to the purposes they are designed to serve. *Rock*, 483 U.S. at 55–56, 107 S.Ct. at 2711. Further, in applying its evidentiary rules, a state must evaluate whether the interests served by a rule justify the limitation imposed on the constitutional right of a defendant to testify. *Id.*

■ The right of an accused to present his own testimony and other relevant testimony, however, is not unrestricted. The right "may, in appropriate cases, bow to accomodate other legitimate interests in the criminal trial process." *Rock, supra* at 55, 107 S.Ct. at 2711. We hold that the State has a legitimate interest in ensuring that a trial, whether it be civil or criminal in nature, is a search for the truth. In order to further that interest, the State has abrogated certain common law rules which had been intended to shield jurors from particular types of evidence, out of a concern for the reliability of that evidence. Included among the common law rules which have been abrogated in Maryland are the disqualification of witnesses for interest in the litigation and for conviction of infamous crimes. The Maryland General Assembly, however, has chosen to allow a witness previously convicted of an infamous crime to testify, subject to the admissibility of the prior conviction in order to assist the jury in assessing the witness's credibility. This is because robbery and acts of deceit, fraud, cheating, or stealing are universally regarded as conduct which reflects adversely on a man's honesty and integrity. *Nance v. State*, 7 Md.App. 433, 444, 256 A.2d 377 (1969), *cert. denied*, 256 Md. 747, and 398 U.S. 954, 90 S.Ct. 1881, 26 L.Ed.2d 296 (1970) (involving the essentially identical 1965 version of § 10–905, MD.ANN.CODE, art. 35 § 10).

Appellant argues that Section 10–905(a) is both arbitrary and disproportionate to the purpose it was intended to serve. Additionally, he contends that, by making all infamous crimes automatically admissible for impeachment, the General Assembly has arbitrarily concluded that evidence of *any* felony conviction reasonably bears upon the credibility of the witness. This Court, however, has upheld the constitutionality of the *per se* rule against challenges based on due process of law, the right to an impartial jury, the privilege against self-incrimination, and equal protection. *Nance v. State, supra.* In so holding, this Court stated, "[W]e do not feel disposed to strike down a rule so long embedded in the law of this State." *Id.* at 442, 256 A.2d 377. (Footnote omitted).

However, we do not refrain from dictating changes in the rule merely because of its venerable history. We are convinced that the rule continues to serve a legitimate purpose and that it does not conflict with the protections afforded a criminal defendant by the United States Constitution. (Footnote omitted.)

*Id.* Although *Nance* dealt with the statutory predecessor to section 10–905, the case has been cited as upholding the constitutionality of Section 10–905 as well. *Watson v. State,* 68 Md.App. 168, 173, 510 A.2d 1094 (1986), *rev'd on other grounds,* 311 Md. 370, 535 A.2d 455 (1988). We agree and hold that the State has a legitimate interest in ensuring that a trial is a search for truth and that Section 10–905(a) is neither an arbitrary nor disproportionate restriction on appellant's right to testify and right to a fair trial.

Because appellant was not aware of *Nance* prior to oral argument, he filed a Motion for Reconsideration in which he pointed out that a criminal defendant's right to testify on his or her behalf was not recognized until 1980, 11 years after *Nance,* in *Marshall v. State,* 46 Md.App. 695, 702, 420 A.2d 1266 (1980), *rev'd on other grounds,* 291 Md. 205, 434 A.2d 555 (1981) and later in *Mayfield v. State,* 56 Md.App. 541, 468 A.2d 400 (1983). The conclusion that follows, according to appellant, is that at the time of our *Nance* "the

constitutional right to testify had not been recognized in this State and could not have been addressed by" this Court in *Nance*. We do not agree. We would simply add to the list of constitutional challenges covered by *Nance* the one involved in the case *sub judice*. We see no difference, and appellant has not supplied us with any, between the constitutional challenges based on the defendant's right to testify and those based on due process, the right to an impartial jury, the privilege against self-incrimination and equal protection. *See, Rock, supra.*

## II.

Next, appellant contends that, because he refused to plead guilty and accept a ten year sentence, the trial court imposed a longer sentence as a penalty for exercising his right to contest the State's evidence through a full trial.

The State responds that the issue has not been properly preserved for appellate review because appellant's counsel never objected to the sentence when imposed. Furthermore, the facts on the record clearly indicate that the court did not impermissibly penalize appellant for refusing to plea bargain.

The Court has held that "when the trial court has allegedly imposed a sentence not permitted by law, the issue should ordinarily be reviewed on direct appeal even if no objection was made in the trial court." *Walczak v. State*, 302 Md. 422, 427, 488 A.2d 949 (1985).[4] The legality of a sentence must be reviewed with regards to whether it was based upon an impermissible consideration or is imposed in violation of a statute. *Johnson v. State*, 274 Md. 536, 538, 336 A.2d 113 (1975). In the case *sub judice*, appellant alleges that the sentence imposed was not permit-

---

4. It could be argued that a sentence based on improper considerations is defective, but it is not an *illegal* sentence under *Walczak*. If, however, such a defect exists, it ought to be reviewable even if there were no immediate objection, because when it occurs it is too late to object.

ted by law because it was based upon an impermissible consideration. Therefore, no objection was necessary to preserve the issue.

▆ In *Johnson v. State, supra* at 542–43, 336 A.2d 113, the Court held that:

> ... in view of what is at stake for one who is charged with a crime, it is improper to conclude that a decision, constitutionally protected, not to plead guilty and in doing so to require the State to prove the defendant's guilt beyond a reasonable doubt, is a factor which ought to, in any way, influence the sentencing judge to the detriment of the accused. (Footnote omitted.)

Any doubt in this regard must be resolved in favor of the defendant. *Id.* Appellant argues that there can be no doubt that Judge Bothe imposed a more severe sentence after the trial than she would have imposed had a plea of guilty been entered. Furthermore, he argues, since the factors Judge Bothe considered are not clear and because she may have relied on an impermissible consideration in sentencing the appellant, the sentence must be vacated.

We hold that appellant's contention is wholly inconsistent with the facts in the record. During the sentencing hearing the following colloquy took place:

> MR. KAMENETZ (counsel for appellant): ... I would hope the Court would not penalize him for taking a Jury trial in the matter.
>
> THE COURT: Oh, no. As I just said, I fully understand his having done it and because of the probation. I might have thought otherwise though—I might have thought a little differently had I not realized that he had no option.

The trial court specifically assured appellant that he would not be penalized for selecting a full jury trial. Furthermore, the judge entered on the record sufficient factors to support her ruling:

> THE COURT: ... You not only committed these crimes, but you also apparently have been heavily in-

volved with drugs by your own admission and history and then when people try to help you and change you you're totally unresponsive.

THE DEFENDANT: I know I have put my family through a lot, Your Honor, but there is a limit to what I can also do and I've reached my limit. I just want to make my life better, my children, my parents, my brother.

THE COURT: I'm sure you told Judge Davis all these things and Judge Davis listened to you and he gave you probation and what did you do? Six weeks later you were out there doing this.

As far as the crime is concerned, it's extremely serious. The gun was not recovered and as your lawyer during the trial rightfully put a lot of emphasis on the fact that the police would want to find that gun before a little child did.... Fortunately you didn't pull the trigger. You just threw it away and left it for the next person. It was a gun.

It was a totally senseless act and one that I cannot help but believe you would commit again if you're free to do it. I imagine you were on drugs, but I'm not going to ask you.

Now, the guidelines—the overall guidelines are seven to thirteen years. I do not feel that this case is designed to stay within the guidelines and I am not inclined to go that far over them, particularly in view of Judge Davis' potential sentence.

A fifteen year sentence was then imposed for the armed robbery conviction.

" . . . to aid the sentencing judge in fairly and intelligently exercising the discretion vested in him, the procedural policy of the State encourages him to consider information concerning the convicted person's reputation, past offenses, health, habits, mental and moral propensities, social background and any other matters that a judge ought to have before him in determining the sentence that should be imposed."

*Bartholomey v. State,* 267 Md. 175, 193, 297 A.2d 696 (1972). It was within the trial court's discretion to consider the fact that appellant was already on parole for a recent robbery conviction, that he violated that parole arrangement, that he received an eighteen month suspended sentence for traffic violations and that appellant has a history of cocaine abuse. Additionally the record reveals that the court considered appellant's demeanor, the severity of the crime for which he was convicted and the maximum allowable sentence. We are fully cognizant of the fact that, in this State, the awesome responsibility of imposing sentence is within the exclusive domain of the trial judge. *Johnson v. State, supra,* 274 Md. at 540, 336 A.2d 113. We hold that the record before us does not support appellant's contention that Judge Bothe impermissibly considered the fact that appellant refused to plead guilty before imposing a fifteen year sentence.

JUDGMENTS AFFIRMED; COSTS TO BE PAID BY APPELLANT.