## Bloom, Appellant, v. Pike Township School District.

Argued October 1, 1947. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*Clarence R. Kramer,* for appellant.

*Carl A. Belin,* with him *A. B. Shaw,* for appellee.

OPINION BY DITHRICH, J., January 8, 1948:

Irene Bloom, a wartime emergency school teacher at the Chestnut Ridge School in Pike Township, Clearfield County, sued in assumpsit on a written contract to

teach school for the school year 1945-46. The jury returned a verdict in her favor and against the school district in the amount of $1408, being the minimum annual salary plus two days' pay for attending Teachers' Institute. The court set aside the verdict and entered judgment for defendant n. o. v.

Appellant first questions the right of the court below to enter judgment n. o. v. in the absence of a separate written request for binding instructions. The record discloses that a written request for binding instructions was actually made, though combined in a point for a directed verdict in the following manner: "Under all the evidence binding instructions are requested and that a verdict be entered for the defendant." While it was not in the usual customary form, the learned court did not err in ruling that it showed substantial compliance with the requirements of the Act of April 22, 1905, P. L. 286, 12 PS 681, thereby rendering the form of the request immaterial.

The facts are not in controversy. Miss Bloom was employed by the defendant school district during the school year 1944-45 under a special wartime emergency certificate, which expired "some time" in August, 1945. At a meeting of the board held May 5, 1945, she was re-employed for the school year 1945-46. But when an application was made through the county superintendent of schools to the Department of Public Instruction for a renewal of the certificate to permit her to teach during the 1945-46 term, the department stated in a letter to the county superintendent, dated July 11, 1945, that it did "not feel justified in renewing the Special Emergency Wartime Certificate so long before the opening of school. Conditions could readily arise by which suitable qualified teachers might be available for employment and would find the opportunity of employment closed to them by the previous renewal of this type of certification. We wish to assure you that the . . . Certificate will be renewed if, by the first of August you have not

been able to secure a suitable qualified teacher to teach the subjects in question . . ." A suitable qualified teacher was secured and employed in the place of Miss Bloom. She received notice to that effect on August 18, 1945, and did not teach any part of the school term of 1945-46; nor did she report for duty at the opening of the term. . .

At the trial it was stipulated as follows:

"It is stipulated between counsel that at the time of the execution, and delivery of the contract, which is Exhibit A, the plaintiff was not a professional employee or a temporary professional employee and did not become such by delivery of the contract." Nor does appellant claim tenure status.

It is obvious that appellant was employed as a substitute teacher because of a vacancy due to the wartime emergency. The amendment of May 21, 1943, P. L. 273, §1201 of the Act of May 18, 1911, P. L. 309, 24 PS 1121, provides in part as follows:

"Whenever the secretary of any board of school directors, with the approval of the proper district or county superintendent, presents to the Superintendent of Public Instruction satisfactory evidence that it is impossible for the board, during the present wartime emergency, to obtain a suitable qualified teacher for a regular vacancy, the board may, for a period not longer than one year beyond the cessation of wartime hostilities, employ a substitute to fill a bona fide vacancy *until an acceptable qualified teacher can be obtained.*" (Emphasis added.)

The amendment further provides that the term "substitute" shall mean, inter alia, any individual so employed. The contract was entered into by both parties with full knowledge of appellant's limitation of qualifications. It sufficiently expressed the intention of the parties for the purpose for which it was written, viz.: to employ appellant as a substitute teacher until such time as a qualified teacher could be obtained. The basis

and foundation of appellant's contract was a condition (Restatement, Contracts, sections 253, 255) that it was impossible for appellee to obtain a suitable qualified teacher. 17 C. J. S. 956, Contracts, section 464. The existing law must be read into the contract. *Teachers' Tenure Act Cases*, 329 Pa. 213, 226, 197 A. 344. The contract was conditioned upon the impossibility of obtaining such a teacher and the presentation of satisfactory evidence to that effect. When this condition ceased to exist and when the opportunity to employ a qualified teacher presented itself to appellee, appellee's duty to perform the contract was discharged, and the contract was no longer enforceable. "When the existence of particular facts . . . is, either by the terms of a bargain or in the contemplation of both parties, necessary for the performance of a promise in the bargain, a duty to perform the promise (a) . . . (b) is discharged if such facts subsequently do not exist within the time for seasonable performance": Restatement, Contracts, section 461. When this condition ceased to exist, the Superintendent of Public Instruction had no statutory authority to certify appellant, and the appellee had no statutory authority to continue her employment.

Appellant takes the position that it was the fault of the school directors that her certificate was not renewed. That contention can best be answered by repeating what this Court said in a case involving another mandatory provision of the School Code:

"This requirement of the statute may sometimes cause the negligence or incapacity of the officers of the school district to result in hardship for a teacher who has acted upon an appointment in good faith, believing it to be valid, but the law regulating public employment and the expenditure of public money cannot be ignored": *McCandless v. Summit Twp. School District*, 55 Pa. Superior Ct. 277, 280, 281; *Waltman v. Albany Twp. School District*, 64 Pa. Superior Ct. 458.

When "an acceptable qualified teacher" became obtainable, the school board had no choice in the matter. Under the plain provision of the amendment of 1943, supra, it was no longer possible for it to perform the contract: 17 C. J. S. 954, Contracts, section 463(c); 12 Am. Jur. 933, Contracts, section 365; Williston, Contracts, Vol. 6, page 5424, section 1937; and it certainly was under no obligation to again ask for a renewal of appellant's emergency certificate. The amendment provides for the temporary employment of a substitute to fill a temporary vacancy. It was obviously the intention of the legislature that the authority to employ substitutes as a wartime emergency measure should not extend beyond a period of absolute necessity, and this necessity ended when an acceptable qualified teacher became obtainable.

Judgment affirmed.