397 A.2d 817

Gilda PIERNIKOWSKI & John Piernikowski and Susan Pierni-
kowski, a minor by her parents and natural guardians, Gilda
Piernikowski and John Piernikowski and Gilda Piernikowski
and John Piernikowski in their own right and Cecelia Piatkow-
ski,

v.

Nancy CARDILLO.

Appeal of Susan PIERNIKOWSKI, a minor by her parents and
natural guardians, Gilda Piernikowski and John Piernikowski
and Gilda Piernikowski and John Piernikowski in their own
right.

Superior Court of Pennsylvania.

Argued Dec. 9, 1976.

Decided Feb. 9, 1979.

Petition for Allowance of Appeal Denied May 3, 1979.

Allen L. Feingold, Philadelphia, for appellants.

John Brian Frock, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

## SUPPLEMENTAL OPINION

VAN der VOORT, Judge:

On October 27, 1978, this Court filed an Opinion affirming the lower court's dismissal of appellant's Motion for Judgment N. O. V. and/or a New Trial 393 A.2d 935. In affirming the lower court, we relied principally upon our finding that the appellants: (1) failed to file a written request for binding instructions in the lower court, thereby precluding our consideration of the propriety of the order denying the Motion for Judgment N. O. V., and (2) failed to provide evidence to this Court of any objection to the lower court's instructions, thereby waiving for purposes of appellate review the propriety of the Motion for New Trial.

Subsequently, appellants filed a Petition for Reargument. This petition asserts that through a series of clerical and administrative errors and problems, the lower court failed to furnish this Court with a copy of a written request for binding instructions which had been submitted to the lower court prior to closing arguments. Moreover, it is maintained that the appellants provided this Court with copies of the lower court trial transcript, which purportedly indicated that appellant had entered a timely objection to the lower court's instructions.

█ The record, and supplementary exhibits attached to the Petition for Reargument, only partially substantiate appellants' position. During the course of trial, appellants' counsel apparently submitted a handwritten Motion for Directed Verdict to the trial judge. This document was filed with the office of the Prothonotary of Delaware County, but was never noted on the case docket and was never forwarded to this Court as part of the record which we received.

For purposes of this appeal we will treat the motion filed by appellants as adequately preserving the issue of the lower court's denial of Judgment N. O. V.  See *Bloom v. Pike Township School District*, 162 Pa.Super. 148, 56 A.2d 348 (1948).

The appellants' remaining contention, that they adequately preserved the issue of the denial of their Motion for New Trial, is not meritorious.  We have reviewed the portions of the lower court transcript supplied tardily by appellants, as well as the rest of the record, and find no adequate basis to conclude that appellants preserved the issues raised in their Motion for New Trial, by timely or specific objections at trial, or at the post-trial stage.  Thus, we again conclude that such issues have been waived, for purposes of appellate review.

Appellants' Motion for Judgment N. O. V. was based upon the contention that the only issue which should have been submitted to the jury was the issue of damages, since the Defendant had been found negligent in an earlier arbitration proceeding, from which the plaintiffs-appellants appealed in order to have a jury trial.  We noted in our earlier Opinion: "It is well established that an appeal from an arbitration award results in a *trial de novo* and therefore all properly raised issues *including those of liability* are properly before the trial court for resolution." (Emphasis added).  Our determination, in that respect, has not changed, and we find that appellants' Motion for Judgment N. O. V. was properly denied by the lower court.

Petition for Reargument denied.

SPAETH, J., concurs in the result.

JACOBS and WATKINS, former President Judges, and HOFFMAN, J., did not participate in the consideration or decision of this Supplemental Opinion.